*E-filed 7/9/07*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

MY T. LE,

    Plaintiff,

    v.

MICHAEL J. ASTRUE, Commissioner of Social Security

    Defendant.

Case No. CV 06-02159 HRL

**ORDER ON MOTIONS FOR SUMMARY JUDGMENT AND REMAND**

My T. Le ("Plaintiff") seeks judicial review of the Administrative Law Judge's ("ALJ") denial of her request for Supplemental Security Income ("SSI ") benefits.[1] The ALJ's decision concludes at Step 2 of the eligibility determination process,[2] finding that the plaintiff does not have a "severe impairment" and is therefore not disabled. (Tr. 20). Both parties move for summary judgment. Plaintiff alternatively moves for remand.

---

[1] Plaintiff's administrative remedies are exhausted and both parties have consented to Magistrate Judge jurisdiction.

[2] Assessment of eligibility follows a five-step process: 1) whether claimant is currently employed in gainful activity, 2) whether claimant has a severe impairment, 3) whether claimant's condition meets a listing of conditions, 4) whether claimant can perform past relevant work, 5) whether claimant can perform other work that exists in substantial quantities. Because the answer to question two must be affirmative before the inquiry continues, the ALJ's decision does not address any of the remaining steps. *See*, 20 C.F.R. § 416.920.

## I. Background

Plaintiff, a Vietnamese woman with a high school education, was 63-years-old when she applied for SSI benefits in March 2004. (Tr. 15). Plaintiff had very little work experience except for a few years of babysitting in her own home. (Tr. 20). After the initial denial of benefits, she appeared before the ALJ at a reconsideration hearing in March 2005. (Tr. 15).

Plaintiff sought SSI benefits claiming severe depression (beginning in 2004) and ambulatory weakness with limited mobility. Dr. Gable, from the Disability Determination Service (DDS), examined Plaintiff and found her physically and mentallyسound and functional for at least basic, unskilled work. (Tr. 96-98). Plaintiff also treated with Santa Clara Valley Medical Center (SCVMC) for six sessions of physical therapy to improve her mobility. Plaintiff's treating psychiatrist, Dr. Vu, concluded that she would not be capable of any unskilled work for a sustained basis because of severe depression. (Tr. 143).

## II. Legal Standard

Only if the decision is "not supported by substantial evidence or it is based on legal error," will this Court overturn a decision to deny benefits. *Magallenes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). However, even if the ALJ's findings are supported by substantial evidence, "the decision should be set aside if the proper legal standards [are] not applied in weighing the evidence and making the decision." *Benitez v. Califano*, 573 F.2d 653, 655 (9th Cir. 1978). Plaintiff's alleged physical and mental impairments are considered separately.

## III. Physical Impairments

Plaintiff claims extensive symptoms[3] of mobility impairment. Specifically, the plaintiff alleges pain in her "whole leg" so severe that she can walk "not even a block." (Tr. 163). The ALJ rejected the plaintiff's testimony as not credible. (Tr. 19-20). The ALJ supported this rejection by reference to Dr. Gable's observations that the plaintiff's cane looked new, that her son reminded her

---

[3] Symptoms are unverified, subjective descriptions by claimants of their particular ailments as distinguished from a clinical diagnosis from a doctor. *See*, 42 U.S.C. § 423(d)(5)(a).

2

1  to use the cane, and that she did not use the cane when leaving the clinic. (Tr. 17). Furthermore,
2  the ALJ found convincing SCVMC's record of Plaintiff's statements to the physical therapist that
3  she was independent with household ambulation with a cane and that she had not fallen in the prior
4  year. (Tr. 18).

5  The claimant bears the burden of proof at Step 2 [4] and must initially establish the existence
6  of the symptoms by objective medical evidence. Social Security Ruling 96-3p (July 1996). The
7  strength and balance measurements taken during Plaintiff's physical therapy sessions are sufficient
8  objective evidence for meeting this threshold. Once the initial requirements are met, the ALJ must
9  determine the extent of symptoms by making a credibility assessment of the entire case record. *Id.*
10 at 96-7p (July 1996). The ALJ must provide "specific, cogent reasons" for disbelieving the extent
11 of the plaintiff's symptoms. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). These reasons
12 must be "clear and convincing." *Swenson v. Sullivan*, 876 F.2d 683, 687 (9th Cir. 1989).

13 The ALJ's decision carefully considers Plaintiff's credibility from the entire record. At the
14 hearing, the ALJ's questions to the plaintiff elicited vague and unconvincing responses. She
15 testified to needing her cane since February 2004, but could not remember whether she used it
16 during her visit to Dr. Gable. (Tr. 162). The plaintiff's son testified that Plaintiff "has to hold
17 someone [sic] hand, or someone had [sic] help her" without her cane. Yet, there was also testimony
18 that they went to a grocery store, left the cane on a shopping cart, walked to the car, drove home,
19 and started unloading groceries before anyone remembered the cane. (Tr. 167-168). The plaintiff's
20 son then testified that neither made an effort to retrieve the cane. (Tr. 169).

21 Testimony from the hearing combined with independent observations by Dr. Gable and
22 another DDS reviewing physician cast serious doubt on the claimant's claimed mobility
23 impairment. (Tr. 17). While there is some evidence of ambulatory limitation, the overall record
24 amply supports the ALJ's conclusion that "the evidence does not reflect the level of limitation
25 claimed by the claimant." (Tr. 19).

26 Although the ALJ rejected the claims of physical impairment because of Plaintiff's lack of
27 credibility, the objective medical evidence was also legally insufficient. In April 2004, Dr. Gable's
28

---

[4] *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007).

3

physical examination found no impairments related to gait, "no atrophy, muscular weakness, or abnormal reflexes." (Tr. 17). Interpreting the record most favorably to the plaintiff, it may be assumed that she developed her gait problems shortly thereafter. However, physical therapy records indicated that the plaintiff was discharged and reached a level of "satisfactory stabilization/ motor control" by February 2005. (Tr. 105). Even assuming that her mobility limitations during this period were sufficiently "severe," that duration (i.e., ten months) is legally insufficient.[5]

Accordingly, with respect to the claimed physical impairments, this Court GRANTS Defendant's motion for summary judgment and DENIES Plaintiff's motions for summary judgment and remand.

### IV. Mental Impairments

Psychiatrist Dr. Vu first saw the plaintiff in October 2004 and then regularly through February 2005. Dr. Vu diagnosed Plaintiff with major depression, bereavement, and adjustment disorder. The psychiatrist gave as evidence for these conclusions Plaintiff's "loss of energy, loss of sleep, loss of interest in most daily activities, [and] severe weight loss." (Tr. 140). Dr. Vu also completed a checklist indicating that she was "moderately" or "markedly" limited in all twenty separate Functional Capacity Assessment categories. (Tr. 144). Dr. Vu prescribed Paxil and Klonopin which led to reductions in her anxiety level and improved sleep. (Tr. 142).

In rejecting the claim for mental impairment, the ALJ noted that there was "no objective evidence in the record to support Dr. Vu's opinion that the claimant has had these restrictions since February 2004." (Tr. 18). Based on this, the ALJ determined that Dr. Vu's diagnosis was not objective evidence of a mental impairment. However, this reasoning is problematic. Although the ALJ had a basis for rejecting Dr. Vu's claimed onset date (i.e., because that date was seven months prior to Dr. Vu's personal observations of Plaintiff), there is no explanation why the diagnosis and treatment records from October 2004 onward are not objective evidence.

---

[5] Eligibility for SSI would have required a severe impairment that has lasted or is expected to last for a continuous period of at least twelve months. 20 C.F.R. § 404.1509.

The ALJ also wrote that Dr. Vu's "opinions are not consistent with the medical treatment record as a whole." (Tr. 18). Although not specifically stated in the decision, the ALJ seemed to consider the absence of a prior diagnosis or treatment for depression in the record - specifically the lack of a depression diagnosis from Dr. Gable or the SCVMC - as evidence which contradicted Dr. Vu's testimony. However, the mere lack of psychiatric diagnosis or treatment before October 2004 does not contradict Dr. Vu's current diagnosis nor his prognosis. (Tr. 142). This is especially true because Dr. Gable and the SCVMC only examined or treated the plaintiff for her physical and neurological impairments.[6] Therefore, the Court finds objective psychiatric evidence which is uncontradicted in the record. As such, the ALJ can only reject Dr. Vu's medical opinion by "clear and convincing reasons." *Lester v. Chater*, 81 F.3d 821, 831 (9th Cir. 1996).

The ALJ also wrote that Dr. Vu served as an "advocate" for the plaintiff. As evidence, the ALJ pointed to Dr. Vu's notes which listed as an "objective" for the plaintiff "to apply for GA/SSI/MediCal." (Tr. 18.). However, the ALJ also wrote that "the claimant reported goals of less depression and some financial assistance in order to have stable housing and more independence." (Tr. 18). This is not clear and convincing evidence that Dr. Vu acted as a biased advocate. It is equally plausible that the psychiatrist was merely reporting the patient's long term medical goals.

Finally, the ALJ wrote that Dr. Vu "appears to have accepted the claimant's subjective complaints." Courts in this district have acknowledged that diagnosing psychiatric impairments often involves "somewhat less tangible [techniques] than those in the field of medicine." *Lebus v. Harris*, 526 F.Supp.56, 60 (N.D. Ca 1981). The Social Security statute attempts to address this difficulty by requiring a special process for evaluating alleged mental impairments. 20 C.F.R. § 404.1520a. Initially however, the plaintiff must establish a "medically determinable impairment." 20 C.F.R. § 404.1508. This threshold requires a showing "by medical evidence consisting of signs,

---

[6] *See*, *Widmark v. Barnhart*, 454 F.3d 1063, 1067-78 (9th Cir. 2006) (noting that "it is reasonable...to expect [that] examining physicians focused their attention on the subject of [the patient's] complaint."); *Also see*, *Bilby v. Schweiker*, 762 F.2d 716, 719 (9th Cir. 1985) (holding that the ALJ's "rejection of Bilby's disability claim on evidence relevant primarily to her physical impairment...does not justify rejecting the uncontroverted psychiatric evidence.").

symptoms, and laboratory findings, not only by [a] statement of symptoms."[7] *Id.* At this stage, the plaintiff need only make a "colorable claim of mental impairment." *Gutierrez v. Apfel*, 199 F.3d 1048, 1051 (9th Cir. 2000). That is, the plaintiff must establish some medical evidence beyond self-reported symptoms to meet this burden. Once this threshold is met, the statute requires the ALJ to complete specific documentation, rating how the impairment affects daily functioning. 20 C.F.R. § 404.1520a. In assessing whether the Plaintiff had a medically determinable mental impairment, the ALJ was concerned that Dr. Vu accepted the plaintiff's own symptom reporting. However, there is no discussion of Dr. Vu's treatment or diagnosis. Do they or do they not show a "colorable claim of mental impairment"? Is there any evidence other than the self-reported symptoms? Was Plaintiff entitled to a Psychiatric Review Technique Form assessment? This Court needs more than the ALJ's silence on the point to find that Dr. Vu's medical opinions are a mere recitation of Plaintiff's self-reported symptoms.

The ALJ's reasons for rejecting Dr. Vu's medical opinion fall short of "clear and convincing reasons." Accordingly, with respect to the claim for mental impairment, this Court DENIES both parties' motions for summary judgment and GRANTS Plaintiff's motion for remand. This case is REMANDED to the ALJ to clarify what was the medical basis, if any, of Dr. Vu's diagnosis and whether the plaintiff was entitled to the statutory process outlined in 20 C.F.R. § 404.1520a.

**IT IS SO ORDERED.**

Dated: 7/9/07

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

---

[7] Psychiatric signs are "medically demonstrable phenomena that indicate specific psychological abnormalities. [These signs] must also be shown by observable facts that can be medically described and evaluated." 20 C.F.R. § 416.928(b).

6

THIS SHALL CERTIFY THAT A COPY OF THIS ORDER WILL BE SENT TO:

Nancy Lisewski  nancy.lisewski@ssa.gov

James Hunt Miller  jim_miller0@yahoo.com, jim_miller0@yahoo.com

Sara Winslow  sara.winslow@usdoj.gov, kathy.terry@usdoj.gov; claire.muller@usdoj.gov

\* Counsel are responsible for providing copies of this order to co-counsel.

Dated:  7/9/07

                                              /s/ KRO
                                    Chambers of Magistrate Judge Lloyd

**United States District Court**
For the Northern District of California