NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MY T. LE, | No. C06-02159 HRL |
| Plaintiff, | **ORDER ON PETITION FOR ATTORNEY'S FEES UNDER THE EQUAL ACCESS TO JUSTICE ACT** |
| v. | |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | |
| | Re: Docket No. 22 |
| Defendant. | |

Plaintiff My T. Le challenged the Social Security Administration's denial of benefits. On the parties' cross-motions for summary judgment, this court remanded the matter to the Commissioner[1] for further proceedings. Le now moves for her attorney's fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d)(1)(A). Plaintiff further requests that the fees be made payable to her attorney as the payee. The Commissioner does not dispute Le's entitlement to an award, nor does he object to the reasonableness of the fee request. Rather, the question is whether that award should be paid to plaintiff or to her counsel. This court now deems the matter submitted on the papers without oral argument.

---

[1] Pursuant to Fed.R.Civ.P. 25(d), Michael J. Astrue is substituted for his predecessor, Jo Anne Barnhart, as the Commissioner of Social Security.

The EAJA directs courts to award fees and other expenses to private parties who prevail in litigation against the United States, unless the government's position was substantially justified. *See* 28 U.S.C. § 2412(d)(1)(A) ("a court shall award to a prevailing party ... fees and other expenses ... incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States"). As defined in the EAJA, "party" refers to the individual bringing the claim. 28 U.S.C. § 2412(d)(2)(B).

"The term 'prevailing party,' as found in EAJA and other fee-shifting statutes, is to be interpreted consistently." *McCarty v. Astrue*, 505 F. Supp.2d 624, 629 (N.D. Cal. 2007) (citing *McQuiston v. Marsh*, 790 F.2d 798, 800 (9th Cir. 1986)). This court is persuaded that, under the plain language of the EAJA and statutory interpretation by other courts, the award of attorney's fees is to be paid to plaintiff as the "prevailing party," and not to her attorney.[2] *See, e.g., Phillips v. Gen. Servs. Admin.*, 924 F.2d 1577, 1582 (Fed. Cir. 1991) ("As the [EAJA] requires, any fee award is made to the 'prevailing party,' not the attorney."); *McCarty*, 505 F. Supp.2d at 629 (on a motion to amend an order to make the attorney payee, holding that the EAJA award of attorney's fees belongs directly to the plaintiff as the "prevailing party").

Furthermore, the Supreme Court and the Ninth Circuit have also interpreted other fee-shifting statutes to mean that an award of attorney's fees are to be paid directly to the "prevailing party" and not the party's attorney. *See, e.g.,Evans v. Jeff D.*, 475 U.S. 717, 731-32 (1986) (concluding that 42 U.S.C. § 1988 bestows fee awards upon the prevailing party, not attorneys); *Gilbrook v. City of Westminster*, 177 F.3d 839, 875 (9th Cir. 1999) (concluding that a fee award under 42 U.S.C. § 1988 is to be made directly to the prevailing party, with the ultimate disposition of the award to be determined by contract between the lawyer and client

---

[2] This interpretation is consistent with cases addressing dual attorney's fee awards under the EAJA and the Social Security Act (SSA), 42 U.S.C. § 406(b). *See Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002) (holding that fee awards may be made under both statutes, but the claimant's attorney must refund to the claimant the smaller amount). Under the SSA, attorney's fees are paid from the past-due disability benefits. Therefore, the purpose of the EAJA award, in this context, has been described as a reimbursement to the claimant for any reduction of her past-due benefits by attorney's fee payments under the Social Security Act. *See Jankovich v. Bowen*, 868 F.2d 867, 871 (6th Cir. 1989).

(citing *Evans*, 475 U.S. at 731-32)). And, unlike *Gilbrook,* there is no indication here of a valid assignment or that payment properly may be made to plaintiff's counsel as the payee.[3]

Based on the foregoing, the award of attorney's fees shall be paid to plaintiff, and not to her attorney. The Commissioner is ordered to pay $4451.93 to My T. Le. Since defendant does not object, the payment may be delivered to the custody of plaintiff's counsel.

**IT IS SO ORDERED.**

Dated: 1/11/08

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

---

[3] At any rate, defendant cites authority indicating that if the fee award is made payable to plaintiff's attorney as payee, then this would be an invalid assignment. *See* 31 U.S.C. § 3727 ("Assignment of Claims Act"); *Bentley v. Glickman*, 234 B.R. 12, 20 (N.D.N.Y. 1999). Under that act, the assignment would only be valid "after a claim is allowed, the amount of the claim is decided, and a warrant for payment of the claim has been issued." 31 U.S.C. § 3727(b) (i.e., a valid assignment could be made only *after* an award is finally determined).

3

**5:06-cv-2159 Notice has been electronically mailed to:**

Nancy Marie Lisewski nancy.lisewski@ssa.gov

James Hunt Miller jim_miller0@yahoo.com

Sara Winslow sara.winslow@usdoj.gov, kathy.terry@usdoj.gov

*Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.*

Date: 1/11/08 　　　　　　　　　　　　　　　　/s/   KRO
　　　　　　　　　　　　　　　　　　　　　　Chambers of Judge Howard R. Lloyd

4